SINGER ROCKING-CHAIR Co. v. TOBEY FURNITURE Co.

(*Circuit Court, N. D. Illinois.*  August 4, 1882.)

PATENTS FOR INVENTIONS—ROCKING-CHAIRS—MERE MECHANICAL CHANGE.

A rocking-chair constructed to move upon a stationary platform, having a base or rails upon which the rockers move, the base being tongued and the rockers grooved so that one fits into the other, the ends of the base being elevated, to prevent the rockers from working off, with flexible rubber bands connecting the rockers to the rails of the stand to prevent the seat from moving back and forth on the rails, or rocking too far either way, is a mere mechanical change from chairs in previous use, and in such a device there is nothing that can be the subject of a patent.

*Banning & Banning* and *C. K. Offield*, for plaintiff.

*Coburn & Thatcher*, for defendant.

DRUMMOND, C. J.   There are nine suits by the same plaintiff against different defendants, two of which have been brought in the circuit court of the United States for the eastern district of Wisconsin, and the remaining suits in this court.   They are all founded on alleged infringements of a patent to Charles Singer, July 6, 1869, for an improvement in the construction of rocking-chairs.   The patent contains two claims.   The second relates to a device by which a current of air is produced, which, by the act of rocking, is impelled through a flexible tube so as to be carried to any part of the person seated in the chair.   That claim is not in controversy here and need not be further considered.   The rocking-chair is one constructed to move upon a stationary platform, and not upon the floor.   The platform has a base or rail upon which the rockers move, the latter being curved in the usual form.   The base or rail is tongued, and the bottom of the rockers grooved so that the one fits into the other, and the ends of the base (or rails, as the patent calls them) are elevated so as to prevent the rockers from working off.   The base or rails are A shaped, or of other form, upon which the rockers are fitted; the latter being provided with V grooves, or otherwise adapted to the rail, and

projecting but a short distance below the seat.    If it be intended that the rails are grooved and the rockers tongued, there would be no difference in the principle.   The specification alleges :   "The rockers may be connected to the rails of the stand by flexible bands, in passing over studs projecting from the sides of each, to prevent the seat from moving back and forth on the rails, or rocking too far either way.   These bands may be slipped off the studs when the chair is to be taken apart for packing."   The first claim, which is the only one said to be infringed, is as follows :   "The stand, A, having rails, B, the seat, c', and rockers, C, fitted to the said rails, and the elastic bands, M, combined and arranged substantially as specified."

Having thus stated in what that part of the Singer machine consists which is the subject of controversy here, the question naturally presents itself, in what respect it was new and the subject of a patent.

The movement of a rocking-chair on a stationary platform, instead of rockers moving on the floor, was not the invention of Singer.  That device had been used before.   In a general sense it was contained in the patent of Samuel Simmons, of December 21, 1819, and particularly in the patent of Samuel H. Bean, of March 31, 1840.   Bean states that the principal feature of his invention consisted in making the seat (and stool, as he calls it) of the chair in two parts, so that while the stool remains stationary the seat was made to rock on rockers. The base or rail on which the rockers moved in *his* chair were smooth, but there was a flange on the *outside* of each rocker similar to that on the inside of a railroad car-wheel, and which he calls guards, which prevented the seat from having any lateral movement.   There were certain hanging metallic plates whose upper ends were suspended from the inside of the seat frame by pins, the object of which was to prevent the seat from being thrown off the stool.   Without referring now to some of the other patented improved rocking-chairs which have been set up by the defense, it is clear that Singer found a platform or stool, with a chair on rockers moving on the rails or base of the stool, with flanges on one side of the rockers to prevent lateral displacement, and also with a device to prevent the seat and the rockers from being thrown off the stool.   Now, what did he add to or change as to this part of his patent ?   He tongued the rails or base, and elevated them at the ends, and grooved the rockers, instead of making flanges on the outside of each, thus fitting the rockers to the rails or base, and he attached an elastic band to the platform on each side of the stand.   With a rocker attached to an ordinary chair, moving on

a rail or platform base, as existed in Bean's chair, tonguing and grooving the rocker and the base, and elevating the latter at each end, would seem to be no more than a mere mechanical change. In that case all that is left would be simply the fact that an elastic vertical band is attached to the two parts of the structure to prevent the chair from being thrown off the platform; and the elastic band is nothing more than a mechanical device to accomplish the object named. But in any view of the subject it seems clear that the patent, if it could be sustained for the particular manner in which the chair is constructed, namely: "The stand, A, having rails, B, the seat, c', and rockers, C, fitted *to the said rail; and* the elastic bands, M, combined and arranged as specified;" then the chairs constructed by the defendants do not come within the specific descriptions here contained, and so would not infringe the plaintiff's patent. But we prefer to place our opinion upon broader grounds, and to say that, fairly construing the device here in question, as set forth in the specifications, there was nothing in it that entitled Singer to a patent.